UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

    - against –
                                          **MEMORANDUM AND ORDER**
EDWIN ORTIZ,                                18 Cr. 476-02 (NRB)

           Defendant.
-------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Defendant Edwin Ortiz was sentenced on March 21, 2019 to 84 months' imprisonment following a guilty plea to one count of brandishing a firearm in relation to a drug crime in violation of 18 U.S.C. § 924(c)(1)(A), with credit for time served in state custody from April 7, 2017 through July 10, 2018. See ECF No. 38. On October 28, 2021, Ortiz moved pro se for compassionate release from FCI Fort Dix under 18 U.S.C. § 3582(c)(1)(A), citing the hazards posed by COVID-19 within the prison environment and his increased risk due to asthma and obesity. See ECF No. 57, Mot. for Compassionate Release ("Mot.") at 1, 20. The motion was a typed, 26-page form document slightly modified for Ortiz. The Court replied to Ortiz in a letter dated November 17, 2021, writing that it did not believe Ortiz had yet exhausted his administrative remedies, and also noting that he had not submitted any evidence of the medical conditions referenced in his motion. See ECF No. 58 (citing 18 U.S.C. § 3582(c)(1)(A)). Given those deficiencies,

the Court invited Ortiz to supplement his application. Id. Six months later, on May 24, 2022, Ortiz submitted a declaration in support of his motion (the "Supplemental Declaration"). See ECF No. 59. Because the Supplemental Declaration failed to remedy the fatal deficiencies contained in his initial application, Ortiz's motion is denied.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may "reduce the term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). While Ortiz's motion for compassionate release is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and

citation omitted), Ortiz nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A), see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).  He has failed to do so.

Although Ortiz has still not submitted any hard evidence that he has exhausted his administrative remedies, such as confirmation that the warden of his facility received or denied his request, we will assume, arguendo, that Ortiz has exhausted his remedies. Nonetheless, Ortiz's motion is deficient, because his proffered grounds do not constitute "extraordinary and compelling" reasons to warrant compassionate release.  As we noted in our November 17, 2021 letter, Ortiz did not submit evidence of the two conditions he relies on to support his request, nor has he ever done so.  See ECF No. 58.  Thus, we reviewed the Presentence Investigation Report filed in his case for evidence of his asthma or obesity.  The Presentence Investigation Report revealed that, while Ortiz has asthma, it is treated and controlled by an inhaler, which he uses on an as-needed basis.  This condition does not qualify as one sufficiently serious to warrant compassionate release.  See United States v. Allums, No. S6 15-cr-153 (VSB), 2020 WL 5796265, at *6 (S.D.N.Y. Sept. 29, 2020) (denying defendant's motion for compassionate release where, as here, defendant did not claim that he had "daily asthma symptoms that require daily treatment" nor

that his "daily activities ha[d] been limited in any way because of asthma attacks or symptoms"). As for Ortiz's claim of obesity, the Presentence Investigation Report refutes it. Ortiz is 5'11" tall and weighs 200 pounds, for a BMI of 27.9, far below obese. See Adult BMI Calculator, Centers for Disease Control and Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult _bmi/english_bmi_calculator/bmi_calculator.html (last visited November 16, 2022).

Even if the Court further assumes that Ortiz suffers from asthma and is obese, those conditions carry less weight where, as here, the defendant is young and the COVID-19 infection rate at his facility is low. See United States v. Mena, No. 16-cr-850 (ER), 2021 WL 2562442, at *2 (S.D.N.Y. June 23, 2021) (denying compassionate release and noting that applicant is 28 years old and the facility had only three positive cases among inmates); United States v. Batista, No. 18-cr-319 (LTS), 2020 WL 6132239, at *4 (S.D.N.Y. Oct. 19, 2020) (denying release to 28-year-old, citing her age and the facility's success in curbing the spread of COVID-19). Ortiz is 28 years old, and COVID-19 cases among inmates of FCI Fort Dix staff remain low.[1] Indeed, multiple compassionate release motions filed by inmates of FCI Fort Dix have been denied

---

[1] See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/corona virus/ (last visited November 16, 2022).

this year in part because of the prison's low rate of infection. See, e.g., United States v. Guzman-Cabrera, No. 18-cr-868 (SHS), 2022 WL 1114582, at *1 (S.D.N.Y. Apr. 13, 2022); United States v. Ayala, No. 21-cr-111 (NRB), 2022 WL 2334041, at *2 (S.D.N.Y. June 27, 2022).  The Court does not disregard the risk that any inmate might face should he contract COVID-19.  However, on Ortiz's current showing, or lack thereof, the Court cannot conclude that "extraordinary and compelling reasons" justify granting his motion.[2]

Ortiz also asks the Court to consider his family circumstances – namely, that he has a father who suffers from chronic respiratory problems and "fears for his life, both from COVID-19 and the possible side effects of vaccination."  Mot. at 26-27.  However, "[t]he animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020).  Defendant does not argue that his father is completely unable to care for himself,

---

[2] The Court also understands that Ortiz is scheduled to be released to a halfway house on January 12, 2023.  Ortiz's concerns with respect to contracting COVID-19 at FCI Fort Dix are thus only relevant for approximately two more months.

nor does Ortiz contend that he is the only available caregiver for his father. Accordingly, while the Court is also sympathetic to Ortiz's concern for his father's health, this situation does not warrant relief under Section 3582(c)(1)(A).[3]

Finally, the application of the factors set forth in 18 U.S.C. § 3553(a) counsels against release. Those factors include "the nature and circumstances of the offense," as well as the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). Ortiz pleaded guilty to brandishing a firearm in furtherance of narcotics trafficking offense, and the underlying conduct of Ortiz's offense is quite serious: Ortiz aided and abetted one of his co-defendants in a retaliatory shooting directed at rival drug dealers in which *ten* shots were fired. See ECF No. 34. Moreover, this offense marked Ortiz's third conviction and second involving a firearm. Id. In determining that a sentence of seven years' incarceration was appropriate, the Court noted that "the statutory provisions here are 7 years to life, the guidelines provision is 7 years, and the recommended sentence is 7 years." Sentencing Tr. at 3:2–3. The

---

[3] Any concerns raised by Ortiz's father regarding the COVID-19 vaccine, see Mot. at 27, are particularly unavailing. COVID-19 vaccines are safe and effective. See COVID-19 Vaccines Work, CDC https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated June 28, 2022).

Court's sentence was appropriate when issued, and it does not weigh the 3553(a) factors differently now.

Accordingly, Ortiz's motion is denied. Because Ortiz has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1963).

**SO ORDERED.**

Dated:    New York, New York
          November 16, 2022

                                    _____
                                      NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE